<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA J. LEE on behalf of her minor children, M.C. and B.C.,<br><br>Plaintiff,<br><br>v.<br><br>ALAN CHAN,<br><br>Defendant. | Civil Action No. 22-07266 (SDW) (ESK)<br><br>**OPINION**<br><br>December 20, 2022 |

**THIS MATTER** having come before this Court upon Plaintiff Patricia J. Lee's ("Plaintiff") Petition for a Writ of Habeas Corpus on behalf of her minor children, M.C. and B.C., pursuant to 28 U.S.C. § 2254, (D.E. 1-1, "Petition"); and

**WHEREAS** 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); and

**WHEREAS** this Court "may not decide a matter in the absence of federal subject matter jurisdiction." *Douce v. N.J. Div. of Child Prot. & Permanency*, No. 20-2619, 2021 WL 825451, at *2 (D.N.J. Mar. 4, 2021), *aff'd*, 2021 WL 3403670 (3d Cir. Aug. 4, 2021) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02 (1982)). And although a *pro se* litigant's submission to a court is "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "[n]o matter how liberally

this Court construes [such submissions],"  a lack of jurisdiction cannot be overcome.  *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000); and

      **WHEREAS** "[t]he Supreme Court has ruled neither the termination of parental rights nor the taking of one's children into state custody via a foster home is sufficient to meet the custody requirement of [28 U.S.C.] § 2254."  *Colbry v. Pier*, No. 17-003, 2017 WL 639894, at *4 (D.N.J. Feb. 16, 2017) (citing *Lehman v. Lycoming Cnty. Child.'s Servs. Agency*, 458 U.S. 502, 515–16 (1982)).  And, therefore, "habeas corpus jurisdiction does not exist to challenge judgments causing those events as a result."  *Colbry*, 2017 WL 639894, at *4 (citing *Lehman*, 458 U.S. at 515–16); and

      **WHEREAS** a petitioner cannot proceed on behalf of her children as "next friend" if her children have no underlying entitlement to federal habeas relief for which Plaintiff could advocate, or if the petitioner is merely seeking to relitigate her own interests.  *See Mazzetti v. N.J. Div. of Child Prot. & Permanency*, No. 14-8134, 2017 WL 1159726, at *19 (D.N.J. Mar. 27, 2017) ("The custody and next friend issues are intertwined, but the analysis is mostly controlled by *Lehman*."); *see also Jenicek ex rel. J.J. v. Sorenson Ranch Sch.*, No. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014) ("Here, Plaintiff's allegations center on challenges to . . . exclusive custody over [his child] and his inability to spend time with his son.").  Put differently, this Court only has jurisdiction "if the [next friend's habeas petition] *actually involves the concerns of the real party in interest* and not simply the grievances of the next friend."  *Douce*, 2021 WL 825451, at *2 (quoting *Jenicek ex rel. J.J*, 2014 WL 7332039, at *2 (emphasis in original)); and

2

**WHEREAS** this Court lacks jurisdiction over the Petition, because Plaintiff's children are not "in custody" for purposes of 28 U.S.C. § 2254 and Plaintiff cannot file a habeas petition to relitigate her own parental rights; and

**WHEREAS** Plaintiff's children are in the custody of their father, Defendant Alan Chan ("Defendant"), pursuant to court orders in an ongoing matrimonial action in the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County ("Matrimonial Action"). (D.E. 1-1 ¶¶ 2–3.). Plaintiff alleges that the presiding judge in the Matrimonial Action, Judge Jane Gallina-Mecca, ordered M.C. and B.C. be placed in the sole custody of Defendant during a November 12, 2021 hearing, *id.* ¶¶ 4, 6, 25, 26; that Plaintiff did not have notice of the November 12, 2021 hearing in violation of her constitutional rights, *id.* ¶¶ 4, 14, 24, 26, 30, 31; and that Defendant has colluded with Judge Gallina-Mecca to strip Plaintiff of her parental rights. (*Id.* ¶¶ 13, 33.) In turn, Plaintiff asks this Court to issue a writ ordering the transfer of M.C. and B.C. from Defendant's to Plaintiff's custody, and to order "any subsequent proceedings in state court . . . be heard by a judge other than Judge Gallina-Mecca." (*Id.* ¶¶ 38, 40–43.). Because Plaintiff's children are not in custody for purposes of 28 U.S.C. § 2254, they "ha[ve] no right to bring a habeas petition." *Mazzetti*, 2017 WL 1159726, at *19–20 (citing *Lehman*, 458 U.S. at 510–511). Plaintiff, then, cannot assert on behalf of her children a right to which they themselves are not entitled. *See, e.g., id.* at *20. ("It follows that [petitioner] can have no greater right to bring a petition on [petitioner's child's] behalf."); and

**WHEREAS** Supreme Court precedent is unequivocal: federal habeas petitions are not an appropriate mechanism for challenging state-court determinations of parental rights or child custody. *Lehman*, 458 U.S. at 511 ("[F]ederal habeas has never been available to challenge

3

parental rights or child custody."). Accordingly, this Court does not have jurisdiction to entertain this Petition. *Id.* at 516 ("Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction."); and

**WHEREAS** Plaintiff improperly brings this Petition "to relitigate, through federal habeas, not any liberty interest of her [children], but the interest in her own parental rights." *Id.* at 511. As explained, a federal habeas petition is not a proper mechanism for Plaintiff to air her grievances with Judge Gallina-Mecca's child-custody determination, nor can it serve as Plaintiff's veiled attempt to relitigate her other federal case—a case that has already been dismissed and is presently on appeal. *See generally Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724 (D.N.J. Sept. 19, 2022). This Court lacks jurisdiction to hear either; therefore

Plaintiff's Petition is *sua sponte* **DISMISSED WITH PREJUDICE**. An appropriate orders follows.

                                                            /s/ Susan D. Wigenton
                                          **United States District Judge**

Orig:  Clerk
cc:     Edward S. Kiel, U.S.M.J.
        Parties